Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
**PANEL II**

| | | |
|---|---|---|
| ECO SPECTRUM TECHNOLOGIES CORP<br><br>Parte Peticionaria<br><br>v.<br><br>EMANUEL MILANO DE LEÓN<br><br>Parte Recurrida | TA2025CE00467 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: TB2025CV00315<br><br>Sala: 701<br><br>Sobre: Daños |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 20 de octubre de 2025.

Comparecen ante *nos*, Eco Spectrum Technologies Corp. (peticionario) y nos solicita que revisemos una *Resolución Interlocutoria* emitida y notificada el 29 de agosto de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Bayamón. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* una solicitud de reconsideración que presentó la parte peticionaria.

Por los fundamentos que exponemos a continuación, se *deniega* el auto de *certiorari.*

**I.**

El 28 de mayo de 2025, la parte peticionaria presentó una *Demanda* sobre daños en contra de Emanuel Milano De León (recurrido). Arguyó que el recurrido ocupa el puesto de *web in social media manager,* que era la única persona con acceso a la web y quien ayudó en el diseño de la página. Indicó que el recurrido

abandonó su trabajo, dejando a la empresa incomunicada, pues era la única persona con acceso a la web y a las redes sociales. Asimismo, expresó que el recurrido eliminó sobre el 80% de todo lo creado en la web desde que inició en la empresa hasta que abandonó su puesto y, como consecuencia, tuvo pérdidas económicas.

Posteriormente, el 6 de agosto de 2025, la parte recurrida presentó una *Contestación a Demanda y Reconvención.* En esencia, negó las alegaciones de la *Demanda.* Adujo que no era el único empleado que tenía acceso a todas las redes sociales de la empresa y acceso a la data del servidor. Consecuentemente, el 7 de agosto de 2025, el foro primario emitió una *Orden* mediante la cual ordenó a la parte peticionaria a que presentara su réplica a la *Reconvención* en un término de diez (10) días. Transcurrido el término, el 26 de agosto de 2025, la parte recurrida presentó una *Moción Anotación de Rebeldía.* Allí, solicitó que se le anotase la rebeldía a la parte peticionaria por haber transcurrido el término sin que presentara su contestación a la *Reconvención.*

Ese mismo día, el TPI emitió una *Orden* mediante la cual le anotó la rebeldía a la parte peticionaria en cuanto a la *Reconvención.* Acto seguido, la parte peticionaria presentó una *Moción de Reconsideración.* Acentuó que, desde el 7 de agosto de 2025, había preparado la contestación a la *Reconvención* y por olvido no la había subido al Sistema Unificado de Manejo y Administración de Casos (SUMAC). Así pues, solicitó excusas y añadió que, la presentación de la contestación a la *Reconvención* no le causa perjuicio alguno a la parte recurrida.

El 29 de agosto de 2025, la parte recurrida presentó una *Oposición a Moción de Reconsideración [...].* En igual fecha, el foro primario emitió una *Orden* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración que presentó la parte peticionaria. Inconforme, el 17 de septiembre de 2025, la parte peticionaria

compareció ante *nos* mediante un recurso de *Certiorari* y alegó la comisión del siguiente error:

> Erró el TPI al negarse a levantar la rebeldía al peticionario en las circunstancias de este caso.

Examinado el recurso de *Certiorari,* el 25 de septiembre de 2025, emitimos una *Resolución* mediante la cual le concedimos un término de diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. Transcurrido el término sin la comparecencia de la parte recurrida, pasamos a resolver.

**II.**

**A. *Certiorari***

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Pueblo v. Díaz de León,* 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para

revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari. Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:
>
> A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.

C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago,* 176 DPR 559 (2009); *García v. Padró,* 165 DPR 324 (2005).  El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago,* 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg,* 173 DPR 843 (2008).

**III.**

Habida cuenta de que el recurso ante nuestra consideración se trata de un *certiorari,* este tribunal intermedio debe determinar, como cuestión de umbral, si procede su expedición. En el caso ante

*nos*, es la contención de la parte peticionaria que, erró el TPI al negarse a levantar la rebeldía en las circunstancias de este caso.

Como es sabido, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* No debemos obviar que, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago, supra.*

Así, puntualizamos, que el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al., supra.* A esos efectos, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones del foro primario, de cuyas determinaciones se presume su corrección.

Tras evaluar puntillosamente el recurso presentado por la parte peticionaria, y luego de una revisión de la totalidad del expediente ante *nos*, es nuestra apreciación que no se configuran ninguna de las excepciones que justificaría la expedición del auto de *certiorari* al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* Así, los fundamentos aducidos en el recurso presentado, no nos mueven a activar nuestra función discrecional en el caso de epígrafe. Esto, pues no nos encontramos ante una determinación que configure abuso de discreción, prejuicio, parcialidad o error craso y manifiesto que amerite nuestra intervención revisora. Tampoco la parte peticionaria nos ha persuadido de que, al aplicar la norma de abstención apelativa en este momento, conforme al asunto planteado, constituirá un fracaso de la justicia.

Por lo tanto, resolvemos denegar el *certiorari* solicitado, pues no identificamos fundamentos jurídicos que nos motiven a expedir el mismo.

**IV.**

Por los fundamentos antes expuestos, *denegamos* la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Cintrón Cintrón Concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones